CLARA L. KERN *et al.* Appellees, *vs.* FRANK J. BEATTY, Appellant.

*Opinion filed February 17, 1915.*

1. TRUSTS—*presumption that conveyance of legal title to wife of purchaser is a gift may be rebutted.* The presumption that a conveyance of the legal title to the wife of the person who furnished the consideration was intended as a gift or advancement is not conclusive but may be rebutted.

2. SAME—*when equity will enforce a trust irrespective of section 9 of the Statute of Frauds.* Where a conveyance of the legal title is made to the wife pursuant to an oral agreement with her husband, who furnished the consideration, that she will hold the property as the joint homestead of herself and husband as long as she shall live and will make a will devising the property to her husband at her death, or, in case he be dead, to his two sons, a constructive trust is created by reason of the fiduciary relationship of the parties, which a court of equity will enforce notwithstanding section 9 of the Statute of Frauds.

APPEAL from the Circuit Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding.

A. B. JOHNSON, and J. T. & S. R. KENWORTHY, for appellant.

J. B. & J. L. OAKLEAF, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee Clara L. Kern filed a bill in the circuit court of Rock Island county for the partition of certain property in the city of Rock Island of which she alleged her sister,

Matilda Beatty, was seized in fee simple at the time of her death, January 24, 1913. The bill alleges that Matilda Beatty died intestate, leaving no husband or child or children or descendants of a deceased child or children, but left her surviving as her only heirs-at-law, appellee and certain nephews and nieces, who were made parties defendant to the bill; that appellant, Frank J. Beatty, and his wife, Nellie Beatty, are in possession of the premises as tenants from month to month but have no other right or interest in the property, and it prays for partition of the same among the heirs-at-law of Matilda Beatty named in the bill. Appellant and his wife filed their answer, in which they denied the material allegations of the bill and alleged title in appellant and his brother, Samuel Beatty, as the children and heirs-at-law of John G. Beatty, deceased, who was the husband of Matilda Beatty in his lifetime. Appellant also filed a cross-bill setting up the same facts, to which Clara L. Kern and the other parties to the original bill and Samuel Beatty were made parties defendant. A general demurrer was sustained to the cross-bill, and appellant electing to abide by his cross-bill, a decree was entered dismissing the same for want of equity. From this decree an appeal has been prosecuted to this court, and the only question presented for our consideration is the sufficiency of the cross-bill.

It is alleged in the cross-bill that the appellant and his brother, Samuel Beatty, are the sons and only heirs-at-law of John G. Beatty, deceased, who in his lifetime was the husband of Matilda Beatty; that at the time of their marriage John G. Beatty was possessed of some means and property but that Matilda had no property whatsoever; that after their marriage they lived and resided together as husband and wife until his death, on January 21, 1913; that Matilda Beatty raised appellant and his brother, who were children of John G. Beatty by a former wife, and treated them with such kindness that they did not learn

until after attaining their majority that she was not, in fact, their mother; that in the year 1901 John G. Beatty purchased from one Rogers a part of the premises sought to be partitioned for $1100, the entire amount of the purchase price being paid from the funds of said Beatty; that the same were purchased to be used as a homestead for himself and wife; that before the sale was consummated it was fully understood and agreed between him and his wife that if the deed to the same should be taken in the name of his wife she would hold the premises as the joint homestead of herself and husband during their lives, and would during her lifetime make a will, in which she would devise the property, at her death, to her husband, or in case of his death, to the said Frank and Samuel Beatty; that in consideration of and in pursuance of such understanding and agreement the land was conveyed by Rogers to Matilda Beatty; that immediately after the purchase of the premises John G. and Matilda Beatty moved upon the same and continued to occupy the same as their joint homestead until their respective deaths; that during the time that they were living there John G. Beatty expended various sums of money and devoted much time and labor in making lasting improvements on the premises in consideration of the agreement on the part of his wife to make and execute a will as above stated, and that the appellant and his brother also expended various sums of money on the premises and contributed their time and labor to the improvement and beautifying of the same. It is further alleged in the cross-bill that in the year 1907 John G. Beatty purchased from one Thompson a strip of land ten feet wide adjoining the property for $75, which was paid for by him and the deed taken in the name of his wife upon the express understanding and agreement that the same would be used as a part of their homestead as long as they lived, and that the wife should execute a will devising said premises, together with the other land conveyed to her, to said Beatty, or in case

267 - 9

of his death, to appellant and his brother, Samuel Beatty; that after the purchase of the last tract both tracts of land were occupied by John G. Beatty and wife as their joint homestead, uninterruptedly, until the death of said Beatty, on January 21, 1913, and that Matilda Beatty departed her life within three days after the death of her husband. The cross-bill further alleges that although Matilda Beatty' intended in good faith to make and execute a will in accordance with said agreement, she neglected to do so, and alleges that appellant and his brother are in equity the owners in fee simple of said premises as tenants in common and entitled to have the same conveyed to them; that prior to the death of John G. Beatty, as well as subsequent to the death of Matilda Beatty, appellant has continued uninterruptedly to live upon and make his home on said premises and is now in the lawful possession thereof, and prays for a decree vesting the fee simple title to the premises in him and his brother, Samuel Beatty.

It is the contention of appellant that the facts set up in the cross-bill are sufficient to establish a resulting trust in the property in question in favor of the appellant and his brother as the surviving children of John G. Beatty, deceased, and that the contract between John G. Beatty and his wife had been performed on his part by paying for the premises in question and taking possession. It is also alleged that the appellant and his brother have contributed toward beautifying the premises in question and that appellant is in possession, and that such part performance and possession on the part of John G. Beatty and appellant and his brother are sufficient to take the case out of the Statute of Frauds. Appellees claim that the cross-bill alleges an express trust between John G. and Matilda Beatty, which trust agreement was not in writing, and is therefore contrary to the Statute of Frauds and void.

The cross-bill alleges a contract or agreement between John G. and Matilda Beatty under which the title to the

property was put in the name of Matilda Beatty and she was to make a will devising the property to John G. Beatty, or in case of his death, to appellant and his brother, who were his only heirs-at-law. The contract or agreement set up in the cross-bill is in the nature of an express trust. The fact that the parties were to occupy the premises jointly, as a homestead, is not controlling, for the reason that the question here involved is one of title, and while either party under certain circumstances, such as survivorship, would be entitled to homestead rights under the law, it is not necessary to consider that question. At the time the property was purchased from Rogers it would have been perfectly lawful for the parties to have entered into a trust agreement by which Matilda Beatty would have held the premises on the terms and in the manner which the cross-bill alleges she agreed to hold them, and such agreement, if in writing, would have been enforcible in equity. If such contract were enforcible by John G. Beatty during his lifetime, then it would be enforcible in favor of his heirs-at-law, and against the heirs-at-law of Matilda Beatty in case she died before complying with the trust agreement. The object of the cross-bill, in brief, is to enforce this trust and establish in John G. Beatty or his heirs-at-law a legal as well as an equitable title to the property in question, as provided in the trust agreement.

Counsel for appellant in their argument have treated the case as one arising under section 2 of the Statute of Frauds, but it is a case which properly comes under the provisions of section 9, relating to trusts. (Hurd's Stat. 1913, p. 1322.) Said section is as follows:

"Sec. 9. All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect: *Provided,* that resulting trust or trusts created

by construction, implication or operation of law, need not be in writing, and the same may be proved by parol."

While parol contracts creating a trust are contrary to section 9 above set out, we have held, notwithstanding the statute, that where a conveyance is made without consideration to one who stands in a fiduciary or confidential relation to another person, pursuant to an oral agreement to hold the premises so conveyed in trust for the other, such agreement creates a constructive or implied trust and will be enforced in equity. The reason for so holding is based upon these grounds, as stated in *Pope* v. *Dapray*, 176 Ill. 478, on page 484 of the opinion: "A constructive trust is one that arises where a person clothed with some fiduciary character by fraud or otherwise gains something for himself. (Perry on Trusts, sec. 27; *Reed* v. *Reed*, 135 Ill. 482.) It is also further defined as where 'a person obtains the legal title to property by virtue of a confidential relation and influence, under such circumstances that he ought not, according to the rule of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interests of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust, by construction, out of such circumstances or relations, and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title, and order him to hold it or execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society.' (Perry on Trusts, sec. 166.) This rule has been by this court quoted with approval in the cases of *Beach* v. *Dyer*, 93 Ill. 295, and *Allen* v. *Jackson*, 122 id. 567."

In the case of *Stahl* v. *Stahl*, 214 Ill. 131, the children and heirs-at-law of John G. Stahl, deceased, had conveyed their interests in the real estate of the deceased to their mother, Fredericka L. Stahl, and she before her death conveyed the said premises to her son Frank A. under a verbal

agreement that he would hold the title to said property for the benefit of all the children of Fredericka L. Stahl. Instead of carrying out this agreement he conveyed the premises to another brother, John Stahl. On a bill filed by the other children and heirs of John G. and Fredericka L. Stahl to establish a trust in their favor, the court below, while finding that Frank A. took title to the property under an agreement to hold the same for the benefit of all the children, dismissed their bill on the ground that, the Statute of Frauds being pleaded in defense of the bill, such agreement was an express trust and could not be enforced because it was not in writing. In the opinion in that case the court said, on page 138: "Her children, after consultation, agreed a deed should be made by her to said son conveying to him property worth $25,000, which he agreed to hold for the benefit of himself and his brothers and sisters, the object thereof being to save the expense of probating his mother's estate and dividing her real property through the courts. It is apparent but for the confidence reposed in Frank A. by his mother and brothers and sisters the title to said premises would not have been conveyed to him. After the title was thus obtained by him, to permit him to hold said premises free from the claims of his brothers and sisters is so opposed to equity and good conscience that a court of equity, in order to administer complete justice between the parties, will raise a trust, by construction, in favor of the brothers and sisters and against Frank A. in said property, and require him, and his grantee with notice, to execute the same."

In *Dowie* v. *Driscoll,* 203 Ill. 480, it was said (p. 490) : "The doctrine repeatedly announced by this court is, that courts of equity 'will scrutinize with the most jealous vigilance' transactions between parties occupying fiduciary relations toward each other, (*Casey* v. *Casey,* 14 Ill. 112,) and that the burden of proof is on the beneficiary, in such

cases, to establish the fairness of the transaction and that it did not proceed from undue influence."

In *Mayrand* v. *Mayrand,* 194 Ill. 45, in defining the meaning of the term "fiduciary and confidential relation," as used in this connection, the opinion in the case of *Thomas* v. *Whitney,* 186 Ill. 225, was quoted from, as follows: "There is a well defined distinction between undue influence arising from acts which the law deems fraudulent, and undue influence resulting from fiduciary relations existing between the parties. * * * 'The term fiduciary or confidential relation, as used in this connection, is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused,—in which confidence has been reposed and betrayed. The origin of the confidence and the source of the influence are immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist whenever one man trusts in and relies upon another. The only question is, does such a relation in fact exist?' * * * 'Unless the party claiming the benefit of the contract shows, by clear and convincing proof, that he acted with perfect good faith and did not abuse or betray the confidence reposed in him * * * the presumption of fraud will require strong evidence to remove it.' "

In the case of *Hilt* v. *Simpson,* 230 Ill. 170, the *Stahl case, supra,* was followed, and it was held that where property is conveyed to a grantee upon his parol promise to the grantor to convey the same to third persons upon the grantor's death, a court of equity will raise a constructive trust and convert the grantee into a trustee for the benefit of such third persons.

In *Ahrens* v. *Jones,* 169 N. Y. 555, (62 N. E. Rep. 666,) where a wife obtained a deed from her husband by a promise to pay out of the property deeded, $1000 to each of his two grandchildren and afterwards refused to carry out the promise, the court said: "This is an attempt to

perpetrate a fraud not only upon her husband, who was induced to make the gift to her by reason of her promise, but also upon the plaintiff, who, presumably, would have been otherwise provided for by her grandfather had it not been for the defendant's promise." It was also said: "Such a trust does not affect the deed but acts upon the gift as it reaches the possession of the grantee, and the foundation for the trust is, that equity will then interfere and raise a trust in favor of the persons intended to be benefited, in order to prevent a fraud."

From the foregoing cases it would appear that appellant has alleged matters in his cross-bill that call for equitable relief. While there is no actual or intentional fraud charged upon the part of Matilda Beatty, still, if the facts alleged in the cross-bill are true, it would be inequitable not to grant the relief prayed by appellant. While, as a matter of law, when property is purchased with the money of one person and title to the property taken in the name of the wife or child of the purchaser, it will be presumed such conveyance was made as a gift or advancement, such presumption is not conclusive but may be rebutted. (*Bachseits* v. *Leichtweis*, 256 Ill. 357, and cases cited.) Here the cross-bill charged that John G. Beatty furnished the entire consideration for the purchase of the property in question; that the title to the property was taken in the name of the wife; that she agreed to hold said premises as the joint homestead of Beatty and herself as long as she should live, and would make a will devising said premises, on her death, to Beatty, or if he were dead, to his sons, Frank and Samuel Beatty. The parties stood in a confidential relation to each other. The agreement was a natural and lawful one and it would be inequitable to refuse to enforce it.

The decree appealed from will be reversed and the cause remanded to the circuit court of Rock Island county, with directions to overrule the demurrer to the cross-bill.

*Reversed and remanded, with directions.*