THE MERCURY CLUB *et al.* Appellees, *vs.* CHARLES KEILLEN *et al.*—(ALLEN G. WELSH *et al.* Appellants.)

*Opinion filed October 28, 1926.*

1. TRUSTS—*when a resulting trust arises.* Where one person's money is invested in land and the conveyance taken in the name of another a resulting trust arises by operation of law at the instant the title is taken, and a court of equity, where the evidence conclusively shows such facts, will decree a resulting trust in favor of the *cestui que trust* or the party whose money paid for the property, whether the purchase was made and the money paid by the trustee or the *cestui que trust.*

2. SAME—*parol agreement will not preclude a resulting trust— Statute of Frauds.* Neither an express nor a resulting trust can be created by parol agreement, but where the transaction is such that at the moment the title passes a resulting trust would arise in the absence of such parol agreement the agreement will not prevent the trust resulting, and the intention of the parties in the premises may be shown by proof of the parol agreement in accordance with which the title is taken, as the Statute of Frauds expressly provides that resulting trusts may be proved by parol.

3. SAME—*when bill alleges sufficient facts to show a resulting trust.* A bill sufficiently alleges the existence of a resulting trust where it states the consideration for the premises conveyed to the alleged trustees, that all of said consideration was the money of the complainant, and that title was taken in the defendants for and on behalf of the complainant.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

HENRY J. GIBBS, for appellants.

RUDOLPH FRANKENSTEIN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee the Mercury Club, a corporation not for pecuniary profit, and the other appellees, who are styled trustees of the Mercury Club, filed their bill in chancery in the circuit court of Cook county against Charles Keillen, Al-

len G. Welsh and Edgar H. Deets, alleging, among other things, that the defendants held title to certain real estate in Walworth county, Wisconsin, described in the bill, in trust for the Mercury Club, and praying that they be decreed to convey the same to the Mercury Club or its trustees. Keillen filed an answer admitting the allegations of the bill. Welsh and Deets filed their answer denying that they held the title to the property as trustees for the Mercury Club, and also set up as a defense the Statute of Frauds. The cause was referred to a master in chancery, who took the proofs and reported, recommending a decree in favor of appellees. Exceptions to the report being over-ruled, the court entered a decree finding that the defendants held the title to the property in trust for the Mercury Club and ordered them to convey the same to appellees John Sells, Fred J. Leimer and Walter Gedney, as trustees for the Mercury Club, within five days, from which decree Allen G. Welsh and Edgar H. Deets have perfected an appeal to this court.

The master in chancery found, and the proof shows, that the Mercury Club is a corporation existing under and by virtue of the laws of the State of Illinois for the purpose of conducting social gatherings; that in the early part of 1921 the members of the club were desirous of securing a location upon some lake where they could go with their families for fishing and recreation, and an advertisement was inserted in one of the Chicago papers expressing such desire; that Edward J. Freeh responded to the advertisement and a meeting was had between him and the members of the club at the club rooms; that this was not a formal meeting of the club; that as a result of the conference, about the 19th of April, 1921, appellants and Keillen, who were members of the Mercury Club in good standing, entered into a contract with Freeh for the purchase of the premises in question, and $50 of the Mercury Club's money was paid to Freeh as a part of the purchase price; that

on or about the third day of August, 1921, a warranty deed for the premises was executed by Freeh and his wife to Keillen and appellants, and the deed was duly recorded in the office of the register of deeds of Walworth county, Wisconsin, on September 6, 1921; that the balance of the purchase price paid for the premises was money of the Mercury Club; that no part of the purchase price was money belonging to either Keillen or appellants; that at the time the real estate was purchased it was vacant; that in May, 1922, a two-story frame building 26 by 36 feet, containing twelve rooms, was erected on the premises at a cost of about $3200, which was paid from the moneys of the Mercury Club; that this building was used as a club house by the members of the Mercury Club for fishing and outing purposes; that on or about February 1, 1924, John Sells, Fred J. Leimer and Walter Gedney were elected members of the board of trustees of the Mercury Club; that on or about April 17, 1924, they made a written demand upon Keillen and appellants to execute a deed of conveyance to them, as trustees of the Mercury Club, for the real estate described in the bill of complaint, which demand was ignored.

It is contended by appellants that the trust, if any, was an express trust, and that as there was no evidence in writing signed by any of the defendants it was void by reason of the Statute of Frauds, and that there could be no resulting trust because the bill does not allege it and because there was no fraud committed inducing the complainants to allow the deed to be made to the defendants. A resulting trust arises from the fact that one man's money has been invested in land and the conveyance taken in the name of another. It is immaterial whether the purchase was made and the money of the *cestui que trust* paid by the trustee or the *cestui que trust*. If the fact exists, by mere operation of law a trust is raised in favor of the party whose money was paid to purchase the land, either to the whole or his

equivalent portion thereof. (*Bruce* v. *Roney*, 18 Ill. 67; *Baughman* v. *Baughman*, 283 id. 55; *Frewin* v. *Stark*, 319 id. 35.) A resulting trust is created, if at all, at the instant of the taking of the title, (*Lord* v. *Reed*, 254 Ill. 350,) and where the evidence in the case shows conclusively and beyond a reasonable doubt the existence of such trust, a court of chancery will decree a resulting trust in favor of the *cestui que trust.* (*O'Donnell* v. *O'Donnell*, 303 Ill. 31.) While neither an express nor a resulting trust can be created by parol agreement, yet where the transaction is such that at the moment the title passes a resulting trust would arise in the absence of such parol agreement, such agreement will not prevent a trust resulting, (*Smith* v. *Smith*, 85 Ill. 189; *Wallace* v. *Carpenter*, id. 590; *Williams* v. *Brown*, 14 id. 200;) and the intention of the parties in the premises may be shown by proof of the parol agreement in accordance with which the title is taken. (*Furber* v. *Page*, 143 Ill. 622.) By the Statute of Frauds it is expressly provided "that resulting trust or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol." (Smith's Stat. 1925, chap. 59, sec. 9.) The bill alleged that the consideration for the conveyance of the premises by Freeh and his wife to appellants and Keillen was the sum of $800, all of which was paid by the Mercury Club and was its property, and that they took title to the premises for and on behalf of the Mercury Club.

While the bill contains considerable surplusage it states sufficient facts to allege a resulting trust, and the evidence shows the creation of such trust in favor of the Mercury Club conclusively and beyond a reasonable doubt, and the circuit court did not err in its decree giving effect to such trust.

The decree of the circuit court is affirmed.

*Decree affirmed.*