(No. 20107.
WILLIAM DOWNS, Appellee, *vs.* GERALD F. MOONEY, Appellant.

*Opinion filed April 17, 1930—Rehearing denied June 10, 1930.*

ISAAC S. ROTHSCHILD, for appellant.

DUPEE & ADAMS, (SPENCER L. ADAMS, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county in favor of appellee, William Downs, upon his bill in chancery to declare a resulting trust in certain real estate located in Chicago the title to which was in appellant, Gerald F. Mooney.

The bill alleges that the entire purchase price for the property was paid by appellee and title taken in the name of appellant as a matter of convenience, and that by operation of law a resulting trust was created under which appellee became the equitable owner of the premises and appellant the holder of the mere naked legal title thereto as trustee for appellee. The answer admits that the entire purchase price was paid by appellee, but sets up that appellee and appellant, before the signing of the contract for the

purchase of the property, agreed with each other that they would jointly purchase the property but that title should be taken in the name of appellant, who should hold the same for their benefit as tenants in common, each of an undivided one-half interest therein; that they agreed that appellee would advance the entire sum necessary to purchase the property, and that upon the sale thereof whatever sums were advanced by the appellee should first be returned to him and thereafter any balance received by the parties should be divided equally between them; that in pursuance of this agreement appellee advanced the purchase price of the property and title thereto was taken in the name of appellant. Replications were filed and the cause was referred to a master in chancery to take proof and report his conclusions of law and fact. The proofs were taken and the master's findings were for appellee. Objections were filed by appellant to the master's report, which, being overruled, stood as exceptions thereto. The exceptions were overruled by the court and a decree entered establishing a resulting trust in the property.

The question here involved is largely one of fact. The evidence is undisputed that the entire purchase price of the property was paid by appellee and title taken in appellant, under which circumstances a resulting trust arises in favor of appellee unless a contrary intention of the parties is shown by proof of a parol agreement in accordance with which the title is taken, or unless all the facts and circumstances in evidence show that it was not the intention of the parties that a resulting trust should arise. *Brooks* v. *Gretz,* 323 Ill. 161.

At the time of the purchase of the property appellee was a plumbing contractor engaged in business in Chicago and appellant was his employee, performing the duties of an estimator and superintendent. Appellant's testimony with regard to the circumstances attending the acquisition of the property was as follows: Some time in August of 1920

he had noticed a memorandum in a book at appellee's place of business wherein were noted telephone calls for work or matters to be taken care of, and there was a piece of property for sale at the southwest corner of Seventy-eighth street and South Shore drive for $5650. He had occasion, in connection with his employment, to pass the property and stopped to examine it. When he returned to the office he asked appellee if he was going to do anything about this piece of property. Appellee said no; that he had too much vacant property then. Appellant told him that if he was not interested, he (appellant) had some friends who he thought would be interested. Thereupon appellee inquired when he was going to pass the property again, and was told the following day. The following day the parties together looked at the property and appellee said they would buy it between them. Appellant stated that he did not have the money to pay for his share, and appellee replied that this was one way that he was planning to take care of appellant, and that he (appellee) would pay for the property and carry appellant for his half interest. Appellant told him that this really did not mean more than another promise, and appellee said that to show his good faith he would put the title in appellant's name. Appellant states that what he meant by the expression "another promise" was, that appellee had promised to incorporate his business and to give appellant a share but that nothing had been done up to that time, and he referred to that. The parties returned to the office and appellee called a real estate broker, McCarthy, on the telephone and told him that he would take the property. After the acquisition of the title appellant had conversations at various times with appellee in which appellee recognized that appellant owned a half interest in the property. A witness, Kanary, an ex-employee of appellee, testified to conversations had while he was in appellee's employ in which appellee stated that appellant had a half interest in the property in question.

After the purchase of the property in question appellee purchased another property and took title to the same in appellant. On November 8, 1922, appellant told appellee that he was leaving his employment on the following Saturday. Appellee replied that appellant was his own boss and could do as he decided. There was no mention made of the property. On Saturday, November 11, 1922, appellee asked appellant to remain another week, and he did so. On Monday, November 13, 1922, McCarthy presented two quit-claim deeds to appellant,—one for the property here in question and the other for later acquired property in which appellant claimed no interest,—and told appellant that appellee wished him to sign them. Appellant immediately signed the deed for the later acquired property but told McCarthy that he would have to speak to appellee before he signed the quit-claim deed to the property here in question.

Appellee denied specifically making any agreement with appellant regarding any interest of appellant in the real estate or any conversations with appellant with reference to such interest, and testified that appellant's first claim to an interest was made when he refused to sign the deed presented to him for execution before he left appellee's employment. Appellee testified that the occasion for his having title to the property taken in appellant was through a desire that none of his customers should know of his purchase of any real estate, for the reason that they might be slow in paying their bills if they knew he could afford to buy real estate, and that he asked appellant if he would take title to it and he said he would.

From an examination of the record we are not prepared to say that the decree is contrary to the weight of the evidence.

The decree of the circuit court is affirmed.

*Decree affirmed.*