(No. 16332.—Decree affirmed.)
NELLIE ROLOFSON, Appellant, vs. ROBERT L. MALONE,
Appellee.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

1. TRUSTS—*when resulting trust arises.*  A resulting trust arises where the legal title or estate to property is transferred to one person with the intention that the beneficial interest shall be in another, as where one person furnishes the purchase money while the deed is taken in the name of another with no intention that the beneficial interest shall pass to the holder of the legal title; and such trust can arise only at the instant the legal title is taken.

2. SAME—*resulting trust arises out of presumed intention and not by agreement.*  A resulting trust does not arise out of an agreement but out of a presumed intention that while the title to the property is taken in the name of another the beneficial interest is in the one who furnishes the consideration, the payment of the consideration raising a *prima facie* presumption in favor of the trust.

3. SAME—*presumption of resulting trust may be rebutted.*  The presumption that a resulting trust arises where one person takes title while another pays for the property may be rebutted by parol proof of an intention on the part of the payor that the grantee shall take the beneficial interest as well as the legal title, and such intention is to be gathered from the facts shown in evidence.

4. SAME—*grantee may take beneficial interest notwithstanding fiduciary relationship.*  Where a deed of gift is the voluntary act of the grantor (or the one whose property furnishes the consideration for the deed) and expresses his desire and purpose, the existence of a fiduciary relation between such person and the grantee (or party in whose name the title is taken) will not affect the conveyance of the beneficial interest unless undue advantage is taken because of such relationship.

5. SAME—*when evidence rebuts presumption of resulting trust.*  Where the title to property is taken in the name of a husband while the purchase money was derived from the sale of property which the wife had inherited, the presumption of a resulting trust arising from such transaction is rebutted by evidence that the husband had improved and developed the land from the proceeds of which the purchase money was derived and supported his wife and her parents thereon, and that the wife, by joining in a deed and mortgage as to part of the property taken in the husband's name, indicated her intention that he should have the beneficial interest therein as well as the legal title.

APPEAL from the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

JOHN A. McKEENE, and W. F. GRAY, for appellant.

McDAVID, MONROE & HERSHEY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the circuit court of Macon county to declare a resulting trust and for an accounting as to certain land in that county the legal title to which is in her father, Robert L. Malone, appellee. This tract of land contains 160 acres. Appellee answered denying that appellant is entitled to have a trust declared in said land and alleging that he is owner of a two-thirds interest in the land in fee simple and appellant is owner of a one-third interest, subject to his (appellee's) dower interest in such one-third. Appellee also filed a cross-bill asking for partition. The cause was referred to the master in chancery, who heard the evidence, took an accounting and reported recommending partition in accordance with the prayer of the cross-bill and stating an account between the parties. The chancellor approved the master's report and decreed accordingly. Appellant brings the cause here for review, and appellee has assigned cross-errors as to an item of accounting in which he claimed credit for certain funeral, medical and hospital bills paid by him.

The undisputed facts of the case are as follows: In October, 1884, Briscoe Davis, his wife, Harriet C., and daughter, Mary S., were residing on a farm of 197 acres in Scott county, Illinois. At that time Malone went to work as a farmhand for Davis and six months thereafter married the daughter. Of this union there was born one daughter, Nellie, the appellant, who afterwards married Earl Rolofson. When Malone went to work on the farm for Davis the latter was in poor health and Malone as-

sumed the management of the farm. In 1888 Davis died. Thereafter Mrs. Davis left everything to Malone. He paid all bills for the household and for the operation of the farm, including taxes. There is no evidence that he received pay as a farmhand, but all income from his labor and the produce of the farm went into a common fund, which was applied to the personal expenses of Mrs. Davis and Malone and his wife, the mother of appellant. Malone, after he assumed charge of the farm, built a wagon-shed and machine-shed and cleared some timber pasture, which according to the testimony of witnesses was between 60 and 90 acres. He re-built fences and put clover upon the farm in the poorer soil, and brought up the value of the farm, according to witnesses, to the amount of about $20 per acre. In 1892 the Scott county land was sold for the sum of $9000 to Fred Boester. One thousand dollars was paid in cash, as Malone told Boester that his mother-in-law and wife were buying a farm in Macon county and they needed $1000 to pay down on it. The land in question here was purchased in the latter part of August, 1892, a deed thereto being made on March 1, 1893. This deed was taken in the name of Malone. On the same date Malone and his wife signed a deed for an undivided one-third interest to Mrs. Davis. Malone attended to all transactions concerning the purchase of the land in Macon county. Mrs. Davis died in 1905, intestate, leaving Malone's wife as her only child and heir-at-law. She died seized of a one-third interest in the land in question. In January, 1914, Mrs. Malone died intestate, leaving her husband and appellant, her only child and heir-at-law.

The bill alleges that Mrs. Malone was the equitable owner of the entire tract of land purchased in Macon county by reason of the fact that as heir of her father she was owner of the Scott county land upon his death, subject to her mother's dower interest, and the further fact that the money arising from the sale of the Scott county

land went into the purchase of the land in Macon county. The record shows that the $9000 arising from the sale of the Scott county land was all put into the purchase of the Macon county land. This land was purchased for $13,600, and $4600 of the purchase price was represented by a mortgage given back to the grantor, signed by Malone and his wife. This was later paid off by Malone out of the receipts from the Macon county land. In 1896 Malone and his wife joined in a mortgage of this land to Henry Capen for $2200, which was later paid off.

Malone, on the death of Harriet C. Davis, paid the doctor and hospital bills, amounting to $770.60, and on account of the last illness and death of his wife, Mary, the sum of $1400. The rents during the last year of Mrs. Malone's life amounted to $630, and in stating the account the master, and later the chancellor, allowed that sum to be applied to Malone's claim for the funeral expenses of Mrs. Malone. The balance of such funeral expenses, amounting to $1540.60, was disallowed upon the ground that it was a voluntary payment and not intended as a claim against the estate of Mrs. Davis or Mrs. Malone. This forms the basis of appellee's cross-error.

At the time of the filing of the bill, and for some years prior thereto, appellant and her husband were, and had been, renting this farm from appellee. The accounting taken by the master covers the period from 1914 until 1922, when the bill in this case was filed. It finds, and the decree holds, that considering all receipts from the land and expenses of the management thereof during that period, appellee, as owner of two-thirds of the land and a dower interest in the other one-third, owes and should pay to appellant, as owner of the last mentioned one-third, subject to appellee's dower interest, the sum of $4070.79. The master also recommended partition in accordance with the prayer of the cross-bill. This recommendation was adopted by the chancellor, who decreed accordingly.

The principal question in the case is whether Mary S. Malone, mother of appellant, intended, at the time the land in Macon county was purchased, that appellee, her husband, should have the beneficial interest therein, or whether a resulting trust arose from the fact that the money arising from the Scott county farm was used to purchase this land. A resulting trust arises where the legal title or estate to property is transferred to one person with the intention that the beneficial interest shall be in another, as where the purchase price of the property is furnished by one other than the person in whose name the deed is taken and no intention that the beneficial interest shall pass to the holder of the legal title is shown. Such a trust arises the instant the legal title is taken, if it arises at all. Whether or not such trust arises depends on the intention of the one who furnishes the purchase price with reference to the manner of the taking of the title. It arises not out of an agreement but out of a presumed intention that while the title to the property be taken in another yet the beneficial interest is to be in the payor. The payment of the consideration raises a *prima facie* presumption in favor of a resulting trust. This presumption, however, may be rebutted by parol proof of an intention on the part of the payor that the grantee shall take the beneficial interest and not merely the legal title. The intention of the payor is to be gathered from the facts and circumstances shown in evidence. These rules are well settled in this State, as is shown by the following cases: *Rush* v. *Rush,* 304 Ill. 558; *Dodge* v. *Thomas,* 266 id. 76; *Lord* v. *Reed,* 254 id. 350; *Pickler* v. *Pickler,* 180 id. 168; *Goelz* v. *Goelz,* 157 id. 33; *Cook* v. *Patrick,* 135 id. 499; 3 Pomeroy's Eq. (3d ed.) sec. 1031. The rule also is, that where the gift is the voluntary act of the grantor and expresses his desire and purpose, the existence of a fiduciary relationship between the grantor and grantee will not affect the conveyance of the beneficial interest unless thereby undue advantage is taken

of the grantor. *Winkelman* v. *Winkelman,* 307 Ill. 249; *Pillsbury* v. *Bruns,* 301 id. 578; *Lang* v. *Lang,* 284 id. 148.

The question to be determined from the evidence in this case is the intention of Mary S. Malone, mother of appellant, in permitting the deed to the Macon county land to be taken in the name of appellee, her husband. The chancellor found that it was the intention of Mrs. Malone, upon the sale of the Scott county farm, that her portion of the proceeds should be received by appellee and applied to the purchase of the Macon county farm and that the title to the latter land should be taken in the name of appellee; that one-third thereof should be deeded to Mrs. Davis, her mother, and the balance should be the separate property of appellee. The preponderance of the evidence in the case rebuts any presumption that a resulting trust arose upon the purchase of the Macon county land in favor of Mrs. Malone. The undisputed evidence shows that when appellee went to the farm in Scott county it was badly run down; that subsequent to his marriage with Mary S. Davis he received no wages as an employee; that he built up the land; that at all times after the purchase of the Macon county land he managed and improved it. This would not be sufficient evidence to overcome the presumption, however, that the proceeds of the Scott county land were used in the purchase of the Macon county land for the benefit of Mrs. Malone if this were all the evidence of the intention on the part of Mrs. Malone that the beneficial interest to the property should be taken by appellee. The facts touching that matter are these: In March, 1893, Mrs. Malone joined in a deed with appellee of one-third of the Macon county land to her mother. She must be held to have known that at that time appellee had title to the land. She also joined with appellee in a mortgage back to the grantor of the Macon county land in the sum of $4600, and in 1896 she joined in another mortgage for $2200 to

Henry Capen. William E. Gregory, an uncle of Mrs. Malone, testified to a conversation which he had with Mrs. Malone in reference to the land in Macon county after its purchase. He testified: "She said that she had turned the land over to Bob and she expected him to keep it; that his eyesight was bad and he would probably go blind and would have it to fall back on. She said that in her home. I was working there for him." There is no contradiction of this statement, nor is there any evidence of any contrary statement made on her part. The whole evidence tends to show that both Mrs. Malone and her mother had great confidence in appellee. Moreover, there was no claim during the lifetime of Mrs. Malone that appellee was not the owner of the beneficial interest in the land, and, in fact, no such claim was made by appellant in this case until 1922. The evidence in the case concerning Mrs. Malone's intention to transfer the beneficial interest to appellee is undisputed. We are therefore unable to say that the chancellor was not right in finding that the presumption of trust relationship was overcome. Cases cited by appellant not herein referred to present no different rule of law but were decided on records showing a want of intention to transfer the beneficial interest in the property to the parties sought to be held as trustees.

Appellee should not be credited with the payment of funeral expenses beyond the credits given by the decree. There is no evidence that they were paid with any thought of a claim against the estate of either Mrs. Davis or Mrs. Malone. They were voluntary payments.

The decree of the chancellor will be affirmed.

*Decree affirmed.*