(No. 30047.— ▮▮▮▮▮)

EVAHLYN STROMSEN, Appellee, *vs.* HAROLD STROMSEN, Appellant.

*Opinion filed May 22, 1947.*

ROTHBART & ROSENFIELD, of Chicago, for appellant.

ALLEN, DARLINGTON & ELLIOTT, of Chicago, (GLYNN J. ELLIOTT, and MAURICE M. LOMAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Harold Stromsen, appellant, and Evahlyn Stromsen, appellee, are husband and wife. They were married in

1939. Appellant had three children by a previous marriage. After living in apartments and hotels for some time the parties decided to purchase a lot and build a home upon it. On March 1, 1941, Herbert A. Knight conveyed the premises in controversy in this case to Harold Stromsen and Evahlyn Stromsen as joint tenants, and shortly thereafter the property was improved with a fine residence, all of which was paid for out of the funds of appellant. The parties ceased living together in the latter part of 1944. The evidence discloses appellant desired appellee to procure a divorce from him and offered to pay her $25,000, if she would get such divorce and deed the premises back to him. This she declined to do. On December 23, 1944, the appellee filed a suit for partition of the premises, so acquired by the parties in joint tenancy, in the circuit court of Cook county, and a decree of partition was entered by the court. The appeal is from this decree.

Appellant admits the property was held by them in joint tenancy, but was taken in that manner in reliance upon an agreement that the premises when improved would be a home of the parties for their whole lives, and for the children of appellant until they attained their majority. This is claimed in effect to amount to an agreement not to partition the premises. Appellant also claims that only the naked lot was vested in the parties as joint tenants, and that the improvements were not included in the joint tenancy, and therefore the cost of the improvements should be paid to him from the proceeds of the sale, or, in the alternative, that the portion of the premises which is improved be awarded to him, and the unimproved part to appellee.

On the other hand, appellee contends that the joint interest in the lot and in the improvements thereon was a gift understandingly made, in accordance with a promise made before marriage that he would furnish her with a

home, a car, and everything, and she would not have to worry about anything as long as she lived; that no agreement existed between the parties to the effect that the premises were not to be partitioned during their joint lives, or that the children of appellant had any interest in the property.

The circuit court held there was a presumption not only that the joint interest in the real estate was a gift, but that likewise the improvements on the premises were a gift, in accordance with the promise made before marriage, and that it was the intention of the appellant at the time the property was acquired, and the improvements made, to carry out such previous promise. It was further held that the general principle of law that where one joint tenant or tenant in common improves the joint premises he is entitled to be compensated to the actual extent of the increase in value, does not apply to agreements between husband and wife as to premises purchased and improved, and conveyed to the wife as a gift. It was also held that as a matter of law the appellee was entitled to a decree in partition in conformity with the prayer of the complaint. All of the objections made to this report were overruled by the master, and the exceptions to the master's report were overruled by the court.

The rule is well settled that a husband and wife may acquire property in joint tenancy. (*Lawler* v. *Byrne,* 252 Ill. 194; *Engelbrecht* v. *Engelbrecht,* 323 Ill. 208; *Murphy* v. *Murphy,* 343 Ill. 234.) And, likewise, one joint tenant may compel partition against the other, regardless of the effect upon the tenancy. (Ill. Rev. Stat. 1945, chap. 106, par. 1; *Barr* v. *Barr,* 273 Ill. 621.) It is likewise true that partition will not be awarded in equity where there is an agreement not to partition. *Hardin* v. *Wolf,* 318 Ill. 48; *Nagel* v. *Kitchen,* 381 Ill. 178.

The question of the title held by the respective parties is not in dispute. They were joint tenants. The burden

of proof is upon the appellant to show there was a valid agreement made not to partition. The finding of the master and of the court, unless contrary to the manifest weight of the evidence, will not be reversed. Examination of the testimony fails to convince us that there was an agreement upon the part of the appellee not to partition the property. The testimony of appellant that the purpose of putting up the house was to have it for the rest of their lives is not inconsistent with the effect of a conveyance in joint tenancy.

In addition to this, it occurs to us that before there can be an effective agreement not to partition property held in cotenancy, or in joint tenancy, the property must have been so vested before there can be a foundation for such an agreement. According to the testimony of the appellant, the agreement took place before they ever acquired title to the property. This is utterly inconsistent with taking title as joint tenants without any restriction upon the rights of the joint tenant. If the agreement took place when appellant says, it had no effect, and became merged in the conveyance, as all preliminary negotiations to a conveyance of property are merged in the conveyance itself. *Ryan* v. *Cooke,* 172 Ill. 302; *Logue* v. *Von Almen,* 379 Ill. 208.

Upon appellant's claim that he was entitled to reimbursement for improvements on the property the evidence must clearly show that the wife was not intended to have any interest in the premises as improved. The evidence offered in this case is not convincing, and is not sufficient to overcome the presumption that not only the interest in the lot, but in the improved premises, was intended by appellant as a gift. *Walker* v. *Walker,* 369 Ill. 627; *Partridge* v. *Berliner,* 325 Ill. 253; *Kartun* v. *Kartun,* 347 Ill. 510.

We find no error in the proceedings, and the decree of the circuit court of Cook county is accordingly affirmed.

*Decree affirmed.*