(No. 31747.—

ROBERT D. PETERS *et al.,* Appellants, *vs.* OTTO MEYERS, Appellee.

*Opinion filed January 18, 1951.*

254

HAROLD R. NETTLES, W. L. JEFFREY, and REINHOLD & KROEGER, all of Freeport, for appellants.

ASCHER & ELLIS, of Freeport, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a suit in chancery filed in the circuit court of Stephenson County by appellants, Robert D. Peters and Pearl Hausz, who are the children and residuary devisees of one Eudora Meyers, deceased, against their stepfather, Otto Meyers, who is the surviving husband of said deceased, to impress a trust in favor of plaintiffs upon certain real estate, the legal title to which stood in the names of defendant and his said wife as joint tenants at the time of the latter's death. The original complaint filed was stricken on motion by defendant. The plaintiffs then filed an amended complaint to which a motion to strike was also filed. This motion to strike was also granted and plaintiffs

elected to stand on the amended complaint. The court entered an order and decree that the amended complaint be dismissed at plaintiffs' costs and that defendant go hence without day. From that decree plaintiffs appeal to this court, a freehold being involved.

The following are the facts set forth in the amended complaint: On and prior to October 9, 1935, plaintiffs' mother, Eudora Meyers, was the owner in fee simple of certain real estate described in the amended complaint, which she had acquired with her own funds while she was married to plaintiffs' father and some years prior to her marriage to the defendant, Otto Meyers. On October 9, 1935, she executed her last will and testament, wherein she nominated her husband, the defendant herein, executor without bond, gave him all household goods, an automobile owned by her at the time of her death, and $500 in full of all claims and demands against her estate, and then devised and bequeathed the residue of her estate to her son and daughter, the plaintiffs herein. She also, on the same day, conveyed the said real estate above mentioned by warranty deed to Evelyn E. Barrett, an intermediary, who paid no money for such conveyance, and who on the next day reconveyed the said premises by warranty deed to the said Eudora Meyers and her husband, the defendant, as joint tenants and not as tenants in common. It is alleged that the defendant paid no consideration, either in money or thing of value or otherwise, for and as a part of effecting the transfers of title to the above-mentioned premises, as above alleged, and that no presumption of gift arose from such transfer of title, inasmuch as the defendant was the husband of Eudora Meyers. It is further alleged that Eudora Meyers died testate on or about June 21, 1949, and that a petition for the probate of her said last will and testament is pending in the county court of Stephenson County. The amended complaint prays that the defendant be declared trustee of the real estate for the plaintiffs as

residuary devisees under the last will and testament of Eudora Meyers, deceased, and also sets forth a general prayer for relief.

The motion to strike was based on the grounds that the plaintiffs allege no facts sufficient to entitle them to relief, that the facts set forth do not establish a resulting trust, and that the amended complaint shows that any rights of plaintiffs are barred by the *laches* of Eudora Meyers during her lifetime.

The principal contention made by plaintiffs as appellants in this court is that because of the fact that their mother, Eudora Meyers, was the wife of the defendant at the time of the execution of the deeds herein mentioned, there is no presumption that she intended such transfer of title as a gift, and therefore the conveyance by her as aforesaid of her separate property through an intermediary to her husband and herself in joint tenancy without any consideration therefor moving to her from her husband is sufficient to establish a resulting trust.

Although plaintiffs as appellants in this court designate the trust which they claim arose out of the transaction in question as a resulting trust, it is not so designated in the amended complaint. The character of the trust relied on by them, other than that it is a trust created by operation of law, does not appear from the allegations of the amended complaint. All trusts created by operation of law are either resulting or constructive trusts. *Murray* v. *Behrendt,* 399 Ill. 22.

A resulting trust arises by operation of law where one person pays or furnishes the consideration for a deed conveying real estate to another. Whether or not such a trust arises depends in every case upon the intention, at the time of the conveyance, of the person who furnishes the purchase price. (*Brod* v. *Brod,* 390 Ill. 312; *Rolofson* v. *Malone,* 315 Ill. 275.) Such a trust arises, if it arises at all, the instant the legal title is taken, and is founded upon

the natural equity that he who pays for the property should enjoy it, unless he intended by the vesting of title to confer a beneficial interest upon the grantee. The payment of the consideration raises a *prima facie* presumption in favor of a resulting trust. This presumption, however, may be rebutted by parol proof of an intention on the part of the payor that the grantee shall take the beneficial interest and not merely the legal title. (*Rolofson* v. *Malone,* 315 Ill. 275.) No general rule can be stated that will determine when a conveyance made to one other than the person furnishing the consideration will carry with it a beneficial interest and when it will be construed to create a trust, but the intention must be gathered from the facts and circumstances as shown by the record in each case. (*Rolofson* v. *Malone,* 315 Ill. 275; *Dodge* v. *Thomas,* 266 Ill. 76.) Where a deed absolute in terms and without condition or reservation conveys real estate to two persons as joint tenants, the language of the deed is sufficient to show an express intent to convey both the legal title and the beneficial interest to the two grantees as joint tenants, but if the purchase price was paid by only one of such grantees, this indicates an intention that this grantee is the only one beneficially interested in the property, and under such facts, the expressed intent as shown by the deed must give way to the rule of equity which protects the party paying the purchase price by raising a resulting trust in his favor. (*Kane* v. *Johnson,* 397 Ill. 112.) However, the rule recognized by this court is that where the husband pays the purchase price for property conveyed to his wife, no presumption arises that he intended the beneficial interest to be in him, but instead the presumption is that he intended to make a gift to his wife. (*Mauricau* v. *Haugen,* 387 Ill. 186, 196; *Nicholoff* v. *Nicholoff,* 384 Ill. 377, 383.) It is also the rule that where the wife furnishes the purchase money to purchase from a third person and the deed is taken in the name of the husband, no presumption of a

gift arises to defeat the establishment of a resulting trust. (*Mauricau* v. *Haugen*, 387 Ill. 186; *Lutyens* v. *Ahlrich*, 308 Ill. 11; *Hinshaw* v. *Russell*, 280 Ill. 235; *Wright* v. *Wright*, 242 Ill. 71.) And a resulting trust which arises in favor of an ancestor at the time the property was purchased may be enforced by those who are beneficially interested in the estate, either as heirs-at-law or residuary devisees. *Kane* v. *Johnson*, 397 Ill. 112.

Constructive trusts are divided into two general classes, one being where actual fraud is considered as equitable ground for raising the trust, and the other being where the existence of a confidential relation and the subsequent abuse of the confidence reposed is sufficient to establish the trust. (*Kester* v. *Crilly*, 405 Ill. 425; *Brod* v. *Brod*, 390 Ill. 312.) Even if a fiduciary relation exists, a conveyance to the dominant party executed by the dependent party will not be affected, unless by means of such fiduciary relation undue advantage has been taken of the grantor. (*Neagle* v. *McMullen*, 334 Ill. 168.) Such deed is valid if executed with full knowledge of its nature and effect and through the deliberate and voluntary desire of the grantor, (*Neagle* v. *McMullen*, 334 Ill. 168,) but the presumption obtains that the transaction resulted from influence and superiority, and the burden rests upon the grantee to show that it was fair, equitable and just and did not proceed from undue influence. (*Kester* v. *Crilly*, 405 Ill. 425; *Brod* v. *Brod*, 390 Ill. 312.) It is not the existence of the fiduciary relationship which alone is the ground for raising a constructive trust, but in order to establish such trust there must be in addition to the fiduciary relationship the second factor of undue influence. *Brod* v. *Brod*, 390 Ill. 312; *Neagle* v. *McMullen*, 334 Ill. 168.

There is no theory of law consistent with the facts set forth in the amended complaint upon which the plaintiffs are entitled to the relief they seek. No argument is required to show that the transaction contained no element

of a resulting trust. No real estate was purchased in the name of the husband, or in the name of the husband and wife, with money belonging to the wife. No conveyance was made to the husband, or to the husband and wife, upon a consideration furnished by the wife. The conveyance, as appears from the amended complaint, was made by the wife wholly without consideration, as a voluntary conveyance. The allegations of the amended complaint show that she voluntarily conveyed an interest in her property to the defendant, such conveyance being made through an intermediary, so as to vest title in her husband and herself as joint tenants. A voluntary conveyance cannot be held to create a resulting trust for the grantor. *Mayfield* v. *Forsyth,* 164 Ill. 32; *Moore* v. *Horsley,* 156 Ill. 36; *Stevenson* v. *Crapnell,* 114 Ill. 19.

Plaintiffs make no charge of any fraud or misconduct committed by the husband nor of any coercion on his part by reason of which the wife made the conveyance in question. They do not charge or claim that he ever demanded or requested that she place the title of her separate property in the two of them as joint tenants. The allegations of the amended complaint disclose that she did so voluntarily. There is no allegation that the transfer of title was made without her full consent and understanding, and in the absence of such claim this court will not presume that the transfer was so made.

The theory of plaintiffs, upon which their amended complaint is drawn and to which their argument is devoted, is that by alleging the execution of the deeds transferring title from the wife to the husband without consideration during the existence of the marriage relation, they have made out a *prima facie* case establishing the existence of a resulting trust, which must prevail unless the defendant rebuts the same by showing that his wife intended the transfer to be a gift.

This court has often been called upon to declare the establishment of a trust arising out of a conveyance without consideration of the wife's property to the husband, and in such cases has announced that under the law of this State a wife may deal with her separate property as she sees fit, that she may give it to her husband if she desires, that such gift, if fair and reasonable and not procured by fraud or imposition of the husband, is valid and will be enforced, (*Brod* v. *Brod,* 390 Ill. 312; *Scully* v. *Wilhelm,* 368 Ill. 573; *Spalding* v. *Spalding,* 361 Ill. 387,) and that the mere fact, alone, that the grantor is the wife of the beneficiary raises no presumption that the gift was obtained by fraud or undue influence or that the transaction was not equitable and just. (*Brod* v. *Brod,* 390 Ill. 312; *Scully* v. *Wilhelm,* 368 Ill. 573.) In the last two cases cited it was held that there was no presumption against the validity of the gift in the absence of a showing that he was the dominant and she the dependent party in the relationship existing between them. In the *Brod case,* on page 318, it was stated: "While confidential relationships necessarily exist between a husband and wife when they reside together under the ordinary conditions of marriage, nevertheless, it cannot be said as a matter of law that he is the dominant and she is the dependent party. Whether or not that be true is a question of fact."

While it is true that courts will scrutinize closely a wife's conveyance to her husband of her separate property in order to protect her interests if the conveyance was obtained by fraud, imposition or improper conduct on the part of the husband or by undue influence exercised by him, it is, however, readily apparent that there is no occasion for the courts to entertain a case where, as here, there is no claim of any fraud, misconduct or undue influence on the part of the husband, and no claim even that he was in a position to exercise undue influence. Indeed, so far

as appears from the allegations contained in the amended complaint the conveyance was a mere voluntary act on the part of the wife, Eudora Meyers, made with no misunderstanding of the nature of the transaction, and we perceive no ground upon which relief could be granted upon the facts of this case as appears from the amended complaint.

The cases of *Wright* v. *Wright,* 242 Ill. 71, and *Mauricau* v. *Haugen,* 387 Ill. 186, are chiefly relied on by plaintiffs as establishing the principle that where a husband, without consideration, obtains title to his wife's property, equity will convert him into a trustee holding the legal title for the benefit of his wife. In the *Wright case* land conveyed to the husband was purchased with money belonging to the wife, and the husband on numerous occasions had stated to various persons that the land was his wife's. In the case of *Mauricau* v. *Haugen* the wife purchased one tract of land, title to which was taken in the name of herself and her husband, without her knowledge or consent, but the entire consideration was paid by her from her own funds. She was also the owner of seven other parcels of real estate, for which she had paid the total consideration and taken the title in her own name. These seven parcels were conveyed to a third party as security for a loan and also to indemnify the grantee as surety for the wife on a replevin bond, and upon the satisfaction of the grantee's liability on the bond and the payment by the wife of the loan, the property was reconveyed to the wife and her husband as joint tenants. This was done without any part of the consideration being furnished by the husband and without the knowledge or consent of the wife, who, upon learning that her husband was included in the deed as a grantee, was very much disturbed by that fact, went to the office of the attorney who had prepared the deed and inquired why her husband had been made grantee, and then took the matter up with her husband, resulting in a written declaration signed by him, acknowledging that he had no

interest in the property and was a grantee solely as trustee and agent of his wife. No such facts as those in either the *Wright* or the *Mauricau cases* exist in this case.

The amended complaint herein states no grounds for relief, and the motion to strike was properly sustained. As nothing appears in the amended complaint showing that the transaction in question created a trust, it is unnecessary to consider the question of *laches*. The decree of the circuit court is, therefore, affirmed.

*Decree affirmed.*