WARREN L. PEEK, Plaintiff and Counter-Defendant-Appellant, *v.* NELLIE J. PEEK, Defendant and Counter Plaintiff-Appellee.

(No. 70-8;

Fifth District—March 26, 1971.

Arthur J. Steidley, of Shelbyville, and Craig & Craig, of Mattoon, (Jack E. Horsley, Fred H. Kelly, and Richard F. Record, Jr. of counsel,) for appellant.

William L. Turner, of Shelbyville, for appellee.

Mr. JUSTICE QUINDRY delivered the opinion of the court:

The Appellant, Warren L. Peek, filed a complaint for partition of a tract of farm land, the legal title of which was held in his name and that of his wife, Appellee, Nellie J. Peek, as joint tenants. The Appellee filed her answer together with a counterclaim. In her counterclaim she

alleged that prior to the purchase of the real estate in question, she was the owner of another tract of land which was devised to her by her father; that the purchase money for the real estate in question was derived from the sale of the real estate which she had acquired from her father and that she was the equitable owner of the real estate sought to be partitioned.

It appears from the testimony that the parties purchased the land in question on October 3, 1952. The parties entered into a contract for deed for the purchase, and pursuant thereto a Warranty Deed was executed by the sellers which was held in escrow until the purchase price was paid in full. On March 19, 1958, the deed was filed for record in the Recorder's Office of Shelby County, Illinois. The deed conveyed the property to the parties as joint tenants and not as tenants in common. The Appellee testified that the property which she acquired by devise was sold on contract and the proceeds used to pay the contract payments for the land in question. She testified that she and the Appellant both signed the Contract for the purchase of the land, that she did not read it "word for word" and that she did not know her husband's name was on the deed. The Contract for Deed was not introduced into evidence by either party, and nothing appears in the record to indicate that the deed was not prepared pursuant to the terms of the contract signed by each of the parties. Appellee makes no charge of fraud or misconduct committed by Appellant, nor of any coercion on his part by reason of which Appellee divested herself of title to her individual property and took title to the property in question in joint tenancy with Appellant. It is not charged that Appellant ever demanded or requested that title to the property be placed in the two of them as joint tenants. The evidence discloses that the deed was prepared placing title in the parties as joint tenants without the knowledge or consent of either party.

Following the purchase of the property in question, income derived from the sale of crops was placed in a joint bank account, expenses were paid from this account and some of the money was placed in a joint savings account. From the time the contract was entered into until the complaint was filed, a period of almost 17 years, no issue was ever raised as to the ownership of the property. The parties did not concern themselves with the circumstances of the purchase of the land and there is no evidence of fraud or coercion on the part of any one.

The parties ceased living together as husband and wife on September 28, 1967, and Appellant's complaint was filed June 13, 1969. The only persons testifying at the trial in this case were the parties themselves. The court, after hearing the evidence, entered a Decree finding against the Appellant on his complaint and in favor of the Appellee on her counter-claim and further finding that Appellee was the owner of the entire beneficial and

equitable interest in the land, and that Appellant was the holder of the legal title to an undivided one-half interest in the real estate as Trustee of a resulting trust for the benefit of Appellee. Appellant was ordered to convey this undivided one-half interest to Appellee, and it is from this Decree that Appellant has brought this appeal.

It is the contention of the Appellant that the trial court erred in disregarding he presumptive effect of the deed conveying the land to the parties as joint tenants, in failing to consider adequately the presumption of a gift as to transfers between spouses, evidence regarding the conduct of the parties in this case, and in adopting the theory of resulting trust in favor of the Appellee. The Appellee contends among other things, that the trial court was correct in its ruling, that where the wife furnishes the purchase money to purchase real estate from a third person and title is taken in the names of the wife and husband, no presumption arises to defeat the establishing of a resulting trust and that the trial courts ruling should not be disturbed unless against the manifest weight of the evidence. ■■ The Appellee cites the cases of *Wright v. Wright*, 242 Ill. 71, and *Hinshaw v. Russell*, 280 Ill. 235, for the proposition that no presumption of gift arises to defeat the establishment of a resulting trust where the wife furnishes the purchase money and title is taken in the name of the husband, as opposed to the rule presuming a gift when the husband advances the purchase money and title is taken in the name of the wife. Both the law and current social mores cast doubt on these historical attitudes. No longer is the wife dominated by the husband in her business affairs, no longer is the husband the sole legal provider for his family and no longer is the common law applicable that the wife is free from any obligation to support her husband, but courts do scrutinize closely a conveyance wherein the wife furnishes the consideration and the property is taken in the name of the husband in order to protect the wife's interest in the event the conveyance was obtained by fraud or improper conduct on his part. No fraud or misconduct on the part of the husband is claimed in the instant case but the evidence does disclose a lack of donative intent.

Each of the parties herein testified that there was no discussion between them prior to, or at the time of, the purchase as to how title would be taken to the real estate in question. Appellant testified that he first knew his name appeared on the deed when he took it to the Recorder's office for recording approximately six years after its execution, and Appellee testified that she gained this information at an even later date, but she did not remember when she first learned that his name appeared on the deed as one of the grantees.

■■ The trial court found no evidence of donative intent on the part of the wife other than the existence of a deed, the contents of which was not

known to either the wife or husband until long after its execution, and that the essential elements of a gift under the facts were lacking. The trial court heard this case without a jury and it's findings will not be disturbed since it does not appear that they are against the manifest weight of the evidence. Equity dictates that a trust be imposed on said title for the benefit of Appellee since it appears from the evidence that Appellant obtained title to Appellees property without her consent and without consideration.

Decree affirmed.

G. MORAN and SIMPKINS, JJ., concur.