HUBERT A. HARNOIS, Plaintiff-Appellee, *v.* MARIE HARNOIS, Defendant-Appellant.

(No. 56449;

First District (2nd Division)—March 27, 1973.

*Rehearing denied April 24, 1973.*

HAYES, J., specially concurring.

Alice Heerey McNicholas, of Chicago, for appellant.

Irving Goodman and Louis Z. Grant, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Marie Harnois, appeals from a supplement to a judgment of divorce which declared the property rights of the parties. She contends:

1. The trial court erred in ordering her to convey a one-half interest in the marital home to plaintiff since he had previously made a gift of such interest to her;
2. It was error to determine the rights of plaintiff's mother in personal property located in the marital home since she was not a party to the action;
3. The trial court erred by not allowing defendant's request for an accounting; and
4. The trial court erred in placing a limit on the amount of child support payments to be made by plaintiff without a similar limitation for her.

The parties were married on February 24, 1949. Two daughters, Geri and Debra, were born as issue of the marriage on October 26, 1950 and April 10, 1953, respectively. When judgment was entered Geri was married and Debra was 18 years of age and a student at the University of Illinois.

Plaintiff filed a complaint for divorce on July 2, 1968 alleging mental cruelty. Defendant filed an answer to the complaint and a counterclaim for separate maintenance. The trial court dismissed the counterclaim. A jury trial was conducted on the complaint, the jury found in favor of plaintiff and a judgment of divorce was entered. Thereafter a hearing on the matters of property distribution and child support was conducted by the trial court.

Plaintiff is a sergeant with the Chicago Police Department. He earns approximately $14,700 per year. Defendant is a school teacher employed by the Chicago Board of Education. She earns approximately $15,900 per year and has been gainfully employed in one capacity or another throughout the period of the marriage except during pregnancies and a confinement for surgery.

The parties purchased a home in joint tenancy on July 4, 1952. In 1958 plaintiff collided with a child while driving his automobile. Thereafter on May 13, 1958 plaintiff conveyed his interest in the home to defendant for no consideration. Both parties continued to reside in the home and plaintiff continued to make the mortgage installment payments thereon until at least 1968.

On May 11, 1971 the trial court entered a supplement to the judgment of divorce which required defendant to convey a one-half interest in the home to plaintiff. The court further ordered that both parties contribute one-half of the college expenses of their daughter Debra, but limited plaintiff's expenditures therefor to $1000 per year. In a second supple-

ment to the judgment the court awarded plaintiff certain personal property located in the marital home and ordered defendant to allow its removal therefrom.

Defendant initially contends that the trial court erred in ordering her to convey a one-half interest in the marital home to plaintiff. She argues that when plaintiff conveyed his interest as joint tenant in the property to her in 1958 such conveyance raised the presumption of a gift and plaintiff failed to present sufficient evidence to overcome the presumption. Plaintiff contends, and the trial court found, that no gift was intended by the conveyance, thereby giving rise to a resulting trust in favor of plaintiff.

■■ Our Supreme Court has stated in *Scanlon v. Scanlon*, 6 Ill.2d 224, 229-231:

> "The principal question, so far as the real estate is concerned, is the sufficiency of the evidence to establish a resulting trust in one half of the real estate in favor of plaintiff. The applicable rules of law have been frequently stated. Such a trust is created by operation of law from the presumed intention of the parties. [Citing cases.] In its most common application, a resulting trust arises from the fact that the consideration for the purchase of land is furnished by one person while the title is taken in the name of another. [Citing cases.] * * * The burden of proof is upon the party seeking to establish a resulting trust, and the evidence, to be effective for this purpose, must be clear, convincing and unmistakable. [Citing cases.]
>
> * * *
>
> Where a husband purchases real estate and takes title in his wife's name, there is a presumption of gift or advancement. [Citing cases.] This presumption of fact, [Authority cited] however, is not conclusive. The intention of the parties governs. [Authority cited.] * * * If the proof discloses that it was not the intention of the parties that the conveyance was to be deemed a gift or advancement, equity will effectuate the intention of the parties by declaring a resulting trust. [Citing cases.]"

■■ In the instant case plaintiff conveyed his interest as joint tenant in the real estate to defendant for no consideration. Thus plaintiff furnished the sole consideration for the conveyance. This transaction raised a presumption that plaintiff intended to make a gift or advancement of his interest in the property to defendant. Plaintiff then assumed the burden of proof of rebutting the presumption by showing through clear and

convincing evidence that he did not intend the conveyance to be a gift or advancement. Plaintiff adduced evidence to prove that the conveyance was made to avoid payment of a potential liability arising out of an automobile mishap that he had been involved in. The conveyance was made shortly after the mishap. He testified that the conveyance was made with the understanding that there would be a reconveyance after the Statute of Limitations had run on the personal injury claim. Defendant testified that plaintiff had told her that he was giving her the property.

■■ The trial judge, who had the opportunity to observe the witnesses as they testified, was in a superior position to assess the weight and credibility to be afforded their testimony. He found that a gift was not intended by the conveyance and that, therefore, a resulting trust was created in favor of plaintiff. We will not disturb that finding since it is not contrary to the manifest weight of the evidence.

Defendant further argues that, even if the evidence was sufficient to establish a resulting trust, plaintiff is estopped by laches from so asserting. She urges that plaintiff's delay in asserting his rights under the resulting trust has caused her prejudice in that she has expended large sums of money on improvements to the property in reliance on what she believed to be a gift thereof.

■■ Laches has been defined as such neglect or omission to assert a right, taken in conjunction with a lapse of time and other circumstances causing prejudice to an adverse party, as will operate as a bar in a court of equity. (*Carlson v. Carlson,* 409 Ill. 167.) Circumstances tending to explain or excuse delay in asserting one's rights should be considered in determining whether laches will bar assertion of those rights. *Wright v. Wright,* 242 Ill. 71.

■■ The facts in the instant case show that plaintiff continued his residence at the property in question, there was no adverse possession by defendant, and the parties were husband and wife until this litigation arose. Plaintiff further explained the delay in asserting his rights under a resulting trust by testifying that the property was conveyed to avoid payment of a liability arising from a possible personal injury claim by the child and that the conveyance was to be effective only until the statute of limitations had expired on the claim, whereupon the property was to be reconveyed to the parties as joint tenants. Under these circumstances we agree with the trial court that plaintiff's delay was sufficiently explained so that *laches* would not bar him from asserting his rights under a resulting trust.

Defendant next contends that the trial court erred by determining the rights of plaintiff's mother to certain personal property in defendant's possession since plaintiff's mother was not a party to the action. Plaintiff contends that he held the disputed items for his mother. The trial court found "[t]hat the [personal] property in question is not the property of the defendant." The trial court awarded the property to plaintiff and ordered defendant to allow its removal from her residence.

■■ The trial court did not determine rights of a person not a party to the action. Plaintiff's evidence established that he held the personal property as bailee for his mother and, therefore, had a right to possession thereof superior to that of defendant. Although defendant alleged that the personalty was given to her as a gift the trial court specifically found to the contrary. Such finding was not against the manifest weight of the evidence.

Defendant next insists that the trial court erred by not allowing her request for an accounting. She argues that since she was gainfully employed during the marriage and used her earnings for family necessaries plaintiff was able to use his income for the purchase and sale of real estate and stocks. Defendant alleges that plaintiff concealed these transactions from her and, therefore, she is entitled to an accounting.

In *Spalding v. Spalding*, 361 Ill. 387, 395 our Supreme Court stated:

> "We are of the opinion that the weight of authority supports the principle that for payments voluntarily made by the wife for family expenses during the time the husband and wife are living together, in the absence of proof of a specific agreement for repayment by the husband, the law does not create an indebtedness of the husband to the wife. [Cases cited.] Public policy, ever interested in the maintenance of a harmonious marriage relation, prohibits a contrary rule. It would be disastrous to marital felicity where the parties have maintained a plane of living for both and in which the husband has acquiesced, where such expense has been voluntarily assumed and freely borne by the wife, to require the husband, after the lapse of years, to account to the wife for such expenditures so made by her."

■■ Inasmuch as defendant freely and voluntarily used her earnings for family expenses and there was no agreement between the parties for repayment defendant has shown no right to the funds used by plaintiff in his financial dealings. Absent such proof it is our opinion that the trial court correctly denied her request for an accounting.

Defendant finally contends that it was error to place a limit on the

amount of child support payments to be made by plaintiff without ordering a similar limitation for defendant. We agree.

Payment of educational costs of children is provided for in Ill. Rev. Stat. 1969, ch. 40, par. 19, which provides in pertinent part:

> "When a divorce shall be decreed, the court may make such order touching * * * the care, custody and support of the children * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * * and shall make such order touching the care, custody, support and education of the minor children of the parties or any of them as shall be deemed proper and for the benefit of the children. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money * * * as the court deems equitable.
>
> * * *
>
> The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance and the care, education, custody and support of the children, as shall appear reasonable and proper and the court has jurisdiction after such children have attained majority age to order payments for their support for educational purposes only."

■■ In the case at bar the trial court ordered both parties to contribute one-half of the college expenses of their daughter Debra, but limited plaintiff's expenditures therefor to $1000. We are of the opinion that the financial circumstances of the parties do not differ so greatly as to justify a limitation on the support obligation of one party and not the other. Therefore, pursuant to Supreme Court Rule 366, we will order that the judgment be modified to remove the limitation placed upon plaintiff's educational support obligation. Both parties will remain obligated to pay one-half of the educational costs of their daughter Debra.

The judgment is affirmed as modified.

Affirmed.

LEIGHTON, J., concurs.

Mr. JUSTICE HAYES specially concurring:

I concur in all respects with the opinion of the court. More specifically I concur in the policy reason given for denying defendant-appellant's claim for a credit for the amount by which the improvements and repairs to the realty involved enhanced the value of that realty at the time

of the entry of the decree of divorce in favor of plaintiff-appellee. This special concurrence is designed to point out an additional conceptual basis for that denial, using familiar concepts in the law of property held in joint tenancy.

We have held herein that the conveyance by appellee to appellant of his joint tenant interest in the residence was not a donative conveyance and that, under the circumstances, appellant must have known there was no donative intent. Hence, appellee retained, by way of resulting trust, the equitable joint tenant interest in the realty, and appellee and appellant were equitable joint tenants during the period subsequent to the conveyance. It follows that appellee and appellant have at all times held their home as joint tenants: legal prior to the conveyance, and equitable thereafter.

The order herein directing, as a part of the property settlement decreed between the parties incident to the entry of the decree of divorce in favor of appellee, that the premises be sold within 90 days and the proceeds be equally divided between the parties has the same effect as would a decree of partition entered in favor of appellee.

Appellant had made certain improvements and repairs to the residence, for which she used her own funds. The basic trust of appellant's position is that, since this situation is equivalent to a partition between joint tenants, she should be credited on final accounting for the improvements and repairs for which she alone had paid out of her own funds.

Were this a partition between joint tenants as between whom *neither* was under any legal duty to support the other, then the contributing cotenant would be *prima facie* entitled to a credit. (*Bayley v. Nichols* (1914), 263 Ill. 116, 104 N.E. 1054.) And it would be given irrespective of whether or not the non-contributing joint tenant had been under any *legal* duty to contribute. The basic reason is that, as between *such* joint tenants, there exists no rebuttable presumption that the improver and repairer had made the improvements and repairs with a donative intent.

Where, however, the joint tenants are husband and wife, a very different situation is presented. The difference is best illustrated by first using a fact situation which does not involve improvements or repairs, namely, the fact situation in which realty is purchased and legal title to that realty is taken by husband and wife in joint tenancy, but the purchase money was provided solely by one of the spouses out of his or her own funds. In that situation, there exists as a matter of law a strong rebuttable presumption that the spouse furnishing the consideration has done so with the intent thereby to make a gift to the joint tenant inter-

est to the non-contributing spouse; and clear and convincing evidence is required to rebut that presumption, so as to establish instead that the non-contributing spouse is holding his or her joint tenant interest upon a resulting trust for the contributing spouse. *Walker v. Walker* (1938), 369 Ill. 627, 17 N.E.2d 567; *Spina v. Spina* (1939), 372 Ill. 50, 22 N.E.2d 687.

These *joint tenancy* cases can be distinguished on the facts (though concededly the distinction is a bit tenuous) from cases in which one spouse furnishes the entire consideration out of his or her own funds, but legal title is then taken *solely* in the name of the non-contributing spouse. In that situation the presumption of gift will arise *only* when the consideration has been furnished by the husband. When, on the other hand, the consideration has been furnished by the wife, then a rebuttable presumption of resulting trust will arise, exactly as it would have had the parties not been related as husband and wife. *Wright v. Wright* (1909), 242 Ill. 71, 89 N.E. 789; *Lutyens v. Ahlrich* (1923), 308 Ill. 11, 139 N.E. 50; and, for a review of such cases, see *Peters v. Meyers* (1951), 408 Ill. 253, 96 N.E.2d 493. The reason given for the rule in the latter fact situation is that the husband is under a legal duty to support the wife (which he is presumed to have been fulfilling in part by the conveyance), whereas the wife is under no legal duty to support the husband.

Whether or not this concededly tenuous distinction is adequate to reconcile the cases, the fact is that the distinction as to the presumption of gift or of resulting trust based upon the incidence of the legal duty to support *was not* applied in the fact situation in which the contributing and non-contributing spouses both take title to the realty as joint tenants. (*Walker v. Walker* (1938), 369 Ill. 627, 17 N.E.2d 567; *Spina v. Spina* (1939), 372 Ill. 50, 22 N.E.2d 687.) (We note further that reservations have been expressed as to whether the said distinction has any present-day social utility: "Both the law and current social mores cast doubt on these historical attitudes." (*Peek v. Peek* (1971), 131 Ill.App.2d 1045 at 1047, 268 N.E.2d 443.) The one case in which the said distinction may *appear* to have been applied to the joint tenancy situation between spouses (*Mauricau v. Haugen* (1944), 387 Ill. 186, 56 N.E.2d 367) is itself easily distinguishable by the fact that in that case the wife did not know that the release executed by the security holder of the realty conveyed the realty to husband and wife in joint tenancy; her ignorance of that fact made it impossible to say that there was any presumption of a gift by her to the husband.

Turning now from the illustrative fact situation (involving transfers of legal title) to the fact situation in the instant case (involving credit for improvements and repairs), we inquire whether the presumption of gift which exists when legal title is taken between spouses in joint tenancy carries over to the situation in which improvements and repairs have been made at the sole expense of one spouse while the realty is being held by them in joint tenancy (whether legal or equitable). We conclude that it does. *Stromsen v. Stromsen* (1947), 397 Ill. 260, 73 N.E.2d 272, as construed in *Bowman v. Pettersen* (1952), 410 Ill. 519 at 532, 102 N.E.2d 787; *dictum* in *Lutticke v. Lutticke* (1950), 406 Ill. 181, 92 N.E.2d 754.

The conclusion is, therefore, that in this case there exists, as a matter of law, a rebuttable presumption that appellant, when she made the improvements and repairs with her own funds, did so with donative intent.

That presumption can be rebutted only by evidence which is clear and convincing. The only evidence in this case which is available to rebut the presumption of gift is the reference by appellant to a marital arrangement by which appellant would use her own funds to maintain the household while appellee would use his own funds to establish and develop a retirement fund for the benefit of both spouses. We conclude that this evidence falls short of the standard of clear and convincing evidence which is required to rebut the presumption of gift.

Hence, appellant is not entitled to any credit in this property settlement for the enhanced value of the realty by reason of the improvements and repairs which she had made with her own funds.